

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP–75, 406

**RONNIE JOE NEAL, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON DIRECT APPEAL
### FROM BEXAR COUNTY

**MEYERS, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

In Appellant's sixth point of error, he argues that the trial court erred in failing to empanel a separate jury to determine whether he is mentally retarded. I agree that when the issue of mental retardation is raised, a separate jury should consider whether the defendant is mentally retarded prior to the beginning of a capital murder trial.[1]  A jury

---

[1]This should only be done when the defendant has made a prima facie showing that he is mentally retarded.

who has already decided that a defendant is guilty of capital murder, and that he is a future danger and has no mitigating factors in his favor may not be in the best position to make the determination of whether the defendant is mentally retarded. Because the special issues in a capital murder trial are so intertwined, hearing the evidence related to the special issues may result in undue influence on the jury when considering the defendant's claim of mental retardation. Thus, the jury's answers to the special issues may prejudice them against the defendant for the purpose of a mental retardation determination. Alternatively, it is also possible that the defendant's presentation of evidence related to a mental retardation claim could adversely affect the jury's decision on the mitigation issue. I feel that the determination of whether a defendant is mentally retarded should be conducted in a manner similar to a hearing regarding competency to stand trial.

However, in the case before us, I do not disagree with the conclusion that the defendant is not mentally retarded and I do not dispute the jury findings on the special issues. Due to the facts of this specific case, I agree that there was no need for a separate jury to consider the mental retardation issue. Therefore, I concur in point of error six and otherwise join the opinion of the majority.

Meyers, J.

Filed: June 18, 2008
Publish